UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No: 4:21-cv-00639-MTS |
| v. ) | |
| ) | |
| RON WARD D/B/A RON WARD PAINTING ) | |
| AND RON WARD PAINTING & DECORATING ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF PARTIAL DEFAULT JUDGMENT AND ACCOUNTING**

Plaintiffs bring this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, seeking a default order of accounting and, thereafter, a judgment for delinquent contributions and other amounts Defendant owes pursuant to the collective bargaining agreement and Trust Agreements between Painters District Council No. 58 (hereinafter referred to as the "Union") and Defendant.  Defendant was served with the Summons and Complaint on June 19, 2021.  [Doc. No. 5].  As of today's date Defendant has not filed any responsive pleadings.  The Clerk of Court granted Plaintiffs' Motion for Entry of Clerk's Default against Defendant, on July 27, 2021. [Doc. No. 7].

Defendant Ron Ward d/b/a Ron Ward Painting and Ron Ward Painting & Decorating ("Ron Ward" or "Defendant") is bound by a collective bargaining agreement with the Union. (Affidavit of Carl Farrell, ¶5, Exhibit 1 thereto).  This collective bargaining agreement requires Defendant to pay contributions to the Plaintiff funds and to file weekly contribution report forms. (Farrell Aff., ¶6).  Likewise, the collective bargaining agreement requires Defendant to remit

dues to the Union. (Farrell Aff., ¶7). Defendant has failed to submit its reports, dues, or contributions when due to Plaintiffs. (Farrell Aff., ¶11).

Further, the collective bargaining agreement and the trust agreements for the Plaintiff Funds entitle Plaintiffs to conduct a payroll examination of an employer's records to determine if the required contributions have been made. (Farrell Aff., ¶¶8-10; Exhibits 1-5). Likewise, ERISA authorizes this Court to grant equitable relief such as an accounting in an action for delinquent contributions. 29 U.S.C. § 1132(g)(2)(E). Additionally, and more directly relevant here, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Without submitting to a payroll examination, Plaintiffs cannot calculate the total contributions that are owed to Plaintiffs. "Given the self-reporting system of employer contributions to the funds, the trustees may not discover a particular employer owes delinquent contributions unless and until they conduct an audit." Robbins v. Iowa Rd. Builders Co., 828 F.2d 1348, 1354 (8th Cir. 1987). Therefore, "trustees have a fiduciary duty to act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries." Diduck v. Kaszycki & Sons Contractors, Inc., 874 F.2d 912, 916 (2nd Cir. 1989). See also, Central States, Southeast and Southwest Area Pension Fund, et al v. Central Transport, Inc., 472 U.S. 559 (1985); Central States, Southeast and Southwest Areas Pension Fund, et al. v. N.E. Friedmeyer-Sellmeyer Distrib. Co., 650 F. Supp. 978 (E.D. Mo.

1987) (holding trustees have the power and authority to conduct an accounting of signatory employer's books and records to fulfill their fiduciary responsibilities under trust documents).

WHEREFORE, in view of the foregoing, Plaintiffs pray that the Court enter partial default judgment against Defendant.  Plaintiffs further pray that the Court enter an order compelling Defendant to submit to an accounting for the period of January 1, 2018 through the present date.

Respectfully Submitted

HARTNETT REYES-JONES, LLC

*/s/ Matthew J. Gierse*
MATTHEW J. GIERSE, No. 63828MO
4399 Laclede Avenue
St. Louis, MO 63108
Telephone: 314-531-1054
Facsimile: 314-531-1131
mgierse@hrjlaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on November 30, 2021, the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:  Defendant Ron Ward d/b/a Ron Ward Painting and Ron Ward Painting & Decorating, 18463 Sweetgum Rd., Centralia, IL 62801.

*/s/ Matthew J. Gierse*