**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| | )     Case No. 4:21 CV 639 |
| RON WARD D/B/A RON WARD PAINTING AND RON WARD PAINTING AND DECORATING, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Entry of Partial Default Judgment

and Default Order to Compel Accounting. Doc. [8]. Plaintiffs Painters District Council No. 58,

et al., ("Painters") brings this action pursuant to Section 301 of the Labor Management

Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Section 502 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132,

seeking a default order of accounting. Painters filed this case on June 4, 2021. Doc. [1].

Defendant Ron Ward d/b/a Ron Ward Painting and Ron Ward Painting & Decorating ("Ron

Ward") was served with the summons and complaint on June 19, 2021, Doc. [5], and to date,

has not entered an appearance or filed any other responsive pleading. The Clerk of Court

entered default against Ron Ward on July 27, 2021, Doc. [7], consistent with Fed. R. Civ. P.

55(a), and Painters subsequently moved for a partial default judgment and default order to

compel accounting. Doc. [8]. Ron Ward has neither responded to the entry of default nor to

Painter's motion.

Once default has been entered against a defendant, "the allegations of the complaint, except as to the amount of damages[,] are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. Gateway Constr. Servs.*, No. 4:20-cv-00808-SEP, 2020 WL 6483944, at *1 (E.D. Mo. Nov. 4, 2020) (quoting *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17-cv-02812-AGF, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018)). "With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages . . ., attorneys' fees, and costs." *Id.* at *2.

Ron Ward is a party to a collective bargaining agreement with Painters. Under the terms of the collective bargaining agreement, Ron Ward is required to pay contributions to Painters funds, file weekly contribution report forms, and to remit dues to Painters. Ron Ward has failed to submit its reports, dues, or contributions when due to Painters.

Ron Ward is delinquent in submitting reports, contributions, and dues remissions.  Under the terms of the collective bargaining agreement, Painters is authorized to conduct an examination of Ron Ward's financial records to determine if the required contributions have been made. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Painters has filed a motion in this Court for an order compelling Ron Ward to submit to an accounting of its financial books and records covering the time period from January 1, 2018 to date, to determine the amounts allegedly owed. Doc. [8]. Absent this accounting, Painters is unable to determine the precise damages owed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Partial Default Judgment and Default Order to Compel Accounting, Doc. [8], is **GRANTED**. Defendant is to

submit to a payroll audit of its financial books and records covering the time-period from January 1, 2018, to date, within thirty (30) days of this Court's order.

**IT IS FURTHER ORDER** the Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of partial and final judgments, as it deems appropriate.

Dated this 27th day of January, 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT COURT